# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN CORLISS,

        Petitioner,

    v.

SUPERINTENDENT COAL
TOWNSHIP SCI,

        Respondent.

No. 4:26-CV-00046

(Chief Judge Brann)

## MEMORANDUM OPINION AND ORDER

### APRIL 16, 2026

Petitioner Justin Corliss is currently incarcerated at the State Correctional Institution in Coal Township, Pennsylvania.  In January 2026, Corliss filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which attempts to collaterally attack his 2016 state-court convictions and sentence entered by the Court of Common Pleas of Monroe County, Pennsylvania, at docket number CP-45-CR-0002173-2013.[1]  Corliss, however, has already filed one such petition in federal court that has been adjudicated and denied on the merits.[2]  Because Corliss has not obtained permission from the appropriate court of appeals

---

[1] *See generally* Doc. 1.

[2] *See Corliss v. McGinley*, 1:18-cv-02192, Docs. 44, 45 (M.D. Pa. Aug. 17, 2020), *certificate of appealability denied sub nom*, *Corliss v. Sup't Coal Township SCI*, No. 20-2778, Doc. 10 (3d Cir. Mar. 2, 2021), *certiorari denied*, *Corliss v. McGinley*, No. 21-160, 142 S. Ct. 339 (2021) (mem.).

to file a second or successive Section 2254 petition,[3] the Court must dismiss the instant petition for lack of jurisdiction.[4]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes strict limitations on filing second or successive habeas corpus petitions in federal court.[5]  Of particular relevance for Corliss's instant petition, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed" unless the petitioner can satisfy one of two narrow exceptions.[6]  Those exceptions are either (1) reliance on a previously unavailable "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or (2) new facts that could not previously have been discovered by due diligence which would establish "by clear and convincing evidence that, but for constitutional error," no reasonable juror would have found the petitioner guilty.[7]  However, even if a

---

[3]   Corliss has not alleged or established that he has received authorization from the United States Court of Appeals for the Third Circuit to file a second or successive Section 2254 petition in this case.  The Court has also independently scoured the Third Circuit's docket, and it appears that Corliss recently filed at least two applications for leave to file a second or successive Section 2254 petition in this matter.  *See In re: Corliss*, No. 25-2868, Doc. 1 (3d Cir. Sept. 30, 2025); *In re: Corliss*, No. 25-3160, Doc. 1 (3d Cir. Nov. 10, 2025).  Both applications were promptly denied.  *See In re: Corliss*, No. 25-2868, Doc. 2 (3d Cir. Oct. 21, 2025); *In re: Corliss*, No. 25-3160, Doc. 3 (3d Cir. Nov. 26, 2025).

[4]   *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

[5]   *See generally* 28 U.S.C. § 2244.

[6]   *Id.* § 2244(b)(2) (emphasis added); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

[7]   28 U.S.C. § 2244(b)(2)(A)-(B).

petitioner can potentially meet one of these exacting preconditions, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive] application."[8]

Corliss has done just that: he has sought leave from the United States Court of Appeals for the Third Circuit to file a second or successive Section 2254 petition in this case.[9]  Leave was denied.[10]  Thus, under the AEDPA, this Court does not have jurisdiction to entertain Corliss's second or successive Section 2254 petition.[11]  If he desires to press a new post-conviction claim in this Court that was not raised in his initial Section 2254 petition, he must first obtain authorization from the Third Circuit under 28 U.S.C. § 2244(b)(3) before filing such a second or successive habeas petition in this Court.  Therefore, because it is clear that jurisdiction is lacking, the Court must dismiss the instant Section 2254 petition.[12]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Corliss's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of jurisdiction.

---

[8]  *Id.* § 2244(b)(3)(A)-(C).
[9]  *See In re: Corliss*, No. 25-2868, Doc. 1 (3d Cir. Sept. 30, 2025); *In re: Corliss*, No. 25-3160, Doc. 1 (3d Cir. Nov. 10, 2025).
[10]  *See In re: Corliss*, No. 25-2868, Doc. 2 (3d Cir. Oct. 21, 2025); *In re: Corliss*, No. 25-3160, Doc. 3 (3d Cir. Nov. 26, 2025).
[11]  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).
[12]  *Burton*, 549 U.S. at 157; *Benchoff v. Colleran*, 404 F.3d 812, 820-21 (3d Cir. 2005).

2.    The Court declines to transfer the instant petition to the court of appeals, as Corliss has already sought leave from the Third Circuit to file a second or successive Section 2254 petition in this matter and leave was denied on multiple occasions.

3.    A certificate of appealability shall not issue.  Corliss has not made a substantial showing of the denial of a constitutional right, s*ee* 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4.    The Clerk of Court is directed to CLOSE this case.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

4